Filed 5/4/23  P. v. Jackson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES JACKSON,<br><br>    Defendant and Appellant. | B323490<br><br>(Los Angeles County<br>Super. Ct. No. BA282268) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge. Affirmed.

James Jackson, in pro. per.; Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

James Jackson appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),[3] and Jackson filed a supplemental brief. We now independently review the contentions Jackson raises in his supplemental brief and, after doing so, affirm the order.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] *Delgadillo*, *supra*, 14 Cal.5th 216, held that the procedures in *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436 do not apply to appeals from the denial of postconviction relief under section 1172.6. The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation. (*Delgadillo*, at pp. 231–232.) The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and that if one is not filed within 30 days, the court may dismiss the matter. (*Ibid*.) If a supplemental brief is filed, we must evaluate the contentions in it. (*Id*. at p. 232.) If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion. (*Ibid*.) However, we retain discretion to independently review the record. (*Ibid*.)

## BACKGROUND

In 2005, three men in a car drove by a small group of people talking outside a house.[4]  The car's front passenger fired multiple shots at the group, killing one man and injuring two women.  Two of the car's passengers, whom a witness identified as Jackson and Michael Antonio Mitchell, got out of the car and ran away.  The witness saw a gun in Jackson's waistband.  Forensic evidence suggested that at least two guns were fired.

An information was filed charging Jackson with first degree murder (§ 187, subd. (a)) and two counts of attempted premeditated murder (§§ 664, 187, subd. (a)).  The information also alleged principal gun use enhancements (§ 12022.53, subds. (b), (c), (d) & (e)(1)) and gang enhancements (§ 186.22, subd. (b)(1)(A)).  A jury found Jackson guilty as charged.[5]  In May 2006, the trial court sentenced Jackson to 50 years to life for the murder and to life plus 25 years to life for one of the attempted murder counts.

In 2007, a different panel of this Division affirmed Jackson's judgment of conviction on direct appeal.  (*People v. Jackson*, *supra*, B191397.)

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).  In short, Senate Bill

---

[4]      We derive the factual background from the opinion affirming Jackson's judgment of conviction.  (*People v. Jackson* (June 27, 2007, B191397) [nonpub. opn.].)  We have taken judicial notice of the records in that appeal.

[5]      Mitchell was jointly charged with Jackson with first degree murder, attempted premeditated murder, and possession of a firearm by a felon, with principal gun use and gang allegations.  The jury also found Mitchell guilty as charged.

3

1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (See generally *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The Legislature then passed Senate Bill No. 775 (2020–2021 Reg. Sess.) to expand relief to people convicted of, as relevant here, attempted murder and to provide that a defendant convicted under a now-invalid theory of murder or attempted murder can seek relief on direct appeal. Senate Bill No. 775 also eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime.

In January 2022, Jackson petitioned for resentencing under the new law.[6] The trial court appointed counsel for Jackson. Although the trial court issued a tentative ruling denying the petition, the trial court granted a defense request to file a written response and set a hearing for July 25, 2022. At that hearing, Jackson's counsel declined to submit any written opposition and instead submitted on the petition as filed. The trial court said it had reviewed the "overall court record" and found that Jackson was the actual killer as to the murder count and one of the shooters as to the attempted murder counts. As one of the actual

---

[6] Jackson had previously filed three petitions for resentencing. On appeal from an order denying one of those petitions, a different panel of this Division found that Jackson was ineligible for relief because he was convicted as a direct aider and abettor, as the jury was not instructed on felony murder or the natural and probable consequences doctrine. (*People v. Jackson* (Feb. 10, 2021, B297698) [nonpub. opn.].) We have also taken judicial notice of the records in that case.

4

shooters in the attempted murder counts, Jackson either had the specific intent to kill the victims or he acted with reckless disregard to their lives. Therefore, the trial court found that Jackson was ineligible for resentencing.

This appeal followed. Court-appointed appellate counsel filed an opening brief that raised no issues, under *Delgadillo, supra*, 14 Cal.5th 216. We directed appellant's counsel to send Jackson the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Jackson could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Jackson submitted a supplemental brief in which he argued that his section 1172.6 petition was improperly denied and that his jury was improperly instructed with CALJIC No. 3.00. We now address those contentions.

## DISCUSSION

Senate Bill 1437 took effect on January 1, 2019, and, as we have said, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (See generally *Gentile, supra*, 10 Cal.5th at pp. 842–843). Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer; (2) was not the actual killer, but with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (See generally *Gentile*, at p. 842.)

To amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3), which provides that outside of what felony murder liability remains in section 189, subdivision (e), "to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on [the person's] participation in a crime." (See also *Gentile, supra,* 10 Cal.5th at pp. 842–843.)

Senate Bill No. 775, effective January 1, 2022, broadened the pool of petitioners eligible for resentencing. (See generally *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.) Those eligible for relief now include persons charged and/or convicted of attempted murder under a theory of felony murder or the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1, subd. (a).) A petition may also be filed by a person convicted of murder or under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

Persons convicted of murder or attempted murder under a now-invalid theory may petition to vacate their convictions and obtain resentencing. (§ 1172.6, subd. (a).) If the petitioner makes a prima facie showing of entitlement to relief, the trial court is required to issue an order to show cause and to hold an evidentiary hearing at which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under the amended law. (§ 1172.6, subd. (d)(3).)

*Lewis, supra,* 11 Cal.5th at page 957, clarified that a defendant is entitled to counsel, if requested, upon the filing of a facially sufficient petition, that is, one that makes the necessary

6

averments, without regard to the defendant's eligibility for relief. If the trial court determines that the petitioner has made such a prima facie showing, it must appoint counsel, issue an order to show cause, and then "hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Id.* at p. 960.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, the petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see generally *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Here, it does not appear that the trial court issued an order to show cause. But even if an order to show cause should have issued, any error was harmless.

First, Jackson's jury was not instructed on felony murder, the natural and probable consequences doctrine, or on a theory under which malice could be imputed to him. Rather, the jury was instructed on murder with express or implied malice (CALJIC Nos. 8.10, 8.11), deliberate and premeditated first degree murder (CALJIC No. 8.20), drive-by murder requiring intent to kill (CALJIC No. 8.25.1), and attempted premeditated murder (CALJIC Nos. 8.66, 8.11, 8.67). The jury was further instructed on direct aiding and abetting via CALJIC Nos. 3.00[7]

---

[7] CALJIC No. 3.00 instructed that persons "who are involved in committing a crime are referred to as principals in that crime.

7

and 3.01.[8]  Senate Bill 1437 did not eliminate direct aiding and abetting liability for murder "because a direct aider and abettor to murder must possess malice aforethought."  (*Gentile, supra*, 10 Cal.5th at p. 848; see also *People v. McCoy* (2001) 25 Cal.4th 1111, 1118.)

Second, the verdicts show that Jackson was convicted either as the actual killer/attempted killer or as a direct aider and abettor with malice aforethought.  The jury convicted Jackson (as well as Mitchell) of first degree murder and attempted premeditated murder, meaning the jury necessarily found that if Jackson was a direct aider and abettor to the crimes, he shared the direct perpetrator's intent to kill and aided in the commission of the crimes.  (See, e.g., *People v. Nguyen* (2015) 61 Cal.4th 1015, 1054 [aider and abettor to attempted murder must intend to kill]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [petitioner convicted of first degree murder as aider and abettor with intent to kill ineligible for § 1172.6 relief]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 204–205 [petitioner convicted of murder and attempted murder either as

---

Each principal, regardless of the extent or manner of participation is equally guilty.  Principals include [¶] 1. Those who directly and actively commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission of the crime."

[8]      CALJIC No. 3.01 instructed that a "person aids and abets the commission of a crime when he [¶] (1) [w]ith knowledge of the unlawful purpose of the perpetrator, and [¶] (2) [w]ith the intent or purpose of committing, encouraging, or facilitating the commission of the crime, and [¶] (3) [b]y act or advice, promotes, encourages or instigates the commission of the crime."

perpetrator or direct aider and abettor ineligible for § 1172.6 relief].)

Finally, in his supplemental brief, Jackson appears to argue that the "equally guilty" language in CALJIC No. 3.00 permitted the jury to find him guilty of the crimes without finding he had the requisite intent to kill. Our California Supreme Court rejected this argument in *People v. Johnson* (2016) 62 Cal.4th 600. The court found that the same language in former CALCRIM No. 400 did not allow a jury to convict an aider and abettor of first degree murder based on the perpetrator's culpability without considering the aider and abettor's own mental state. (*Johnson*, at pp. 638, 641.) The court said that where a jury was instructed with CALCRIM No. 401,[9] there is no reasonable likelihood jurors would have understood the " 'equally guilty' " language in former CALCRIM No. 400 to allow them to base defendant's liability for first degree murder on the direct perpetrator's mental state rather than on defendant's own mental state in aiding and abetting the crime. (*Johnson*, at p. 641; see also *People v. Estrada, supra*, 77 Cal.App.5th at p. 947.)

---

[9]    Like CALJIC No. 3.01, CALCRIM No. 401 provides that to find a defendant guilty as an aider and abettor, the jury must find that the defendant knew the perpetrator intended to commit the crime, defendant intended to aid and abet the perpetrator in committing the crime, and by words or conduct did in fact aid and abet the perpetrator's commission of that crime. (See also *People v. Johnson, supra*, 62 Cal.4th at p. 641.) The aider and abettor must know of the perpetrator's unlawful purpose. (CALCRIM No. 401.)

We therefore conclude that Jackson was not convicted of either murder or attempted murder under a now-invalid theory, and therefore he was ineligible for section 1172.6 relief.

## DISPOSITION

The order denying James Jackson's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HEIDEL, J.*

We concur:



EDMON, P. J.



LAVIN, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10